**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JOE D. WILLIAMS,

    Plaintiff,

v.                                           Case No.: 3:07cv118/MCR/EMT

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.
_____/

**O R D E R**

    Plaintiff Joe D. Williams ("Williams") filed this action against defendant Auto-Owners Insurance Company ("Auto-Owners"), the issuer of an insurance policy for Williams' residence in Pensacola, Florida.[1]  Williams seeks to recover policy limits under the Florida Valued Policy Law, Fla. Stat. § 627.702 (2004), for damages to his property caused by Hurricane Ivan in September 2004.  Presently before the court is Auto-Owners' motion to stay this case pending resolution of certain proceedings in the Florida Supreme Court.  (Doc. 6).  Williams has filed a response in opposition. (Doc. 7).  Upon consideration, the court shall grant Auto-Owners' motion.  All proceedings in this action therefore are stayed, and the clerk shall be directed to close the case administratively pending further order by the court.

    Primarily at issue in this case is the interpretation of § 627.702 in the situation where, as Williams alleges occurred with respect to his property, wind and water combine to cause a total loss.  See Mierzwa v. Florida Windstorm Underwriting Association, 877 So.2d 774 (Fla. 4th DCA 2004) (holding that the 2004 version of § 627.702 requires insurer to pay

---

[1] This case originated in the Circuit Court in and for Escambia County, Florida, and was subsequently removed to this court under 28 U.S.C. §§ 1332 and 1441.

policy limits when the property is considered a total loss due in any part to the risk covered by the policy). Auto-Owners submits that a direct conflict exists between the Mierzwa decision and Citizens Property Insurance Corp. v. Ceballo, 934 So.2d 536 (Fla. 3rd DCA 2006) (holding that an insured must present proof of expenses incurred in order to obtain recovery for additional covered amounts), in support of its motion to stay these proceedings.  In refusing to permit a "windfall" recovery in the absence of proof of loss, the Ceballo court acknowledged its disagreement with Mierzwa and certified a direct conflict. Id. at 538.  The Florida Supreme Court accepted jurisdiction over the conflict certified in Ceballo and heard oral argument on February 15, 2007.  See Fla. Sup. Ct. Case No. SC06-1088.  No decision has yet been rendered.  In addition, the Florida Supreme Court has accepted jurisdiction over the appeal in Florida Farm Bureau Casualty Insurance Co. v. Cox, 943 So. 2d 823 (Fla. 1st DCA 2006), and scheduled oral argument for June 7, 2007.  Cox presents the following certified question:

> Does section 627.702(1), Florida Statutes (2004), referred to as the Valued Policy Law, require an insurance carrier to pay the face amount of the policy to an owner of a building deemed a total loss when the building is damaged in part by a covered peril but is significantly damaged by an excluded peril?

See Fla. Sup. Ct. Case No. SC06-2494.

As noted, the central issue in the instant case is the interpretation of § 627.702, specifically whether, in its 2004 version, this statute requires an insurer to pay policy limits when the property is considered a total loss due in any part to a covered risk.  Judge Roger Vinson and Judge Richard Smoak of this district have granted motions to stay which are similar to the motion at bar.  See Arenson v. Citizens Property Insurance Corp., Case No. 3:05cv154/RV (doc. 22, filed October 26, 2005),[2] and Jones v. Hartford Insurance Co., Case No. 3:05cv392/RS (doc. 57, filed May 25, 2006).  As did Judges Smoak and Vinson, this court concludes that staying the instant case – here, until the resolution by the Florida

---

[2] As Williams states, unlike the defendant in Arenson, Auto-Owners does not seek a stay based upon a parallel state action.  Nevertheless, in both this case and Arenson, as well as the parallel state case referenced in Arenson, resolution of the interpretation of § 627.702 was the major issue.  Thus, notwithstanding that the procedural facts in Arenson differ from those in the instant case, the court's determination that prudent judicial administration warrants staying this matter is not altered.

Supreme Court of the certified conflict and question presented in <u>Ceballo</u> and/or <u>Cox</u> – likewise is in the best interest of wise judicial administration.[3] Auto-Owners' motion therefore is granted.

Accordingly, it is ORDERED:

1. Defendant Auto-Owners' motion to stay this action (doc. 6) pending resolution by the Florida Supreme Court of the certified conflict and question presented in <u>Citizens Property Insurance Corp. v. Ceballo</u>, 934 So.2d 536 (Fla. 3rd DCA 2006), and/or <u>Florida Farm Bureau Casualty Insurance Co. v. Cox</u>, 943 So. 2d 823 (Fla. 1st DCA 2006), is GRANTED. All proceedings in this case therefore are STAYED until further order of this court.

2. The parties shall notify this court immediately at such time as the Florida Supreme Court issues its mandate in either of the cases cited in the preceding paragraph.

3. The clerk shall close this case administratively until further order of this court.

**DONE and ORDERED** this 10th day of April, 2007.

                 s/ *M. Casey Rodgers*
                 **M. CASEY RODGERS**
                 **UNITED STATES DISTRICT JUDGE**

---

[3] Although Williams maintains <u>Ceballo</u> is not applicable here because his house has been rebuilt and he has incurred the cost of code upgrades, he does not argue that the outcome of the certified question presented in <u>Ceballo</u> will not directly impact this case. Williams also suggests that the Florida Supreme Court conceivably might not reach the merits in the appeals before it and that, even if it did, other issues in the instant case would still be subject to litigation. Contrary to Williams' contention, the court concludes that good reason – specifically, conserving the resources of the court and the parties – does exist to stay all proceedings in this case, including discovery, pending the disposition of <u>Cox</u> and/or <u>Ceballo</u>.

Case No. 3:07cv118/MCR/EMT